DECISION AND JUDGMENT ENTRY
A Huron County jury convicted appellant, Dwight D. Booth, on six counts of a sixteen count indictment for rape, kidnaping, and robbery. The charges stemmed from a series of home burglaries and sexual attacks on elderly women in the village of New London, Ohio. Following his conviction, appellant was sentenced to a twenty-four year term of imprisonment and subsequently adjudicated to be a sexual predator.
Appellant now appeals his conviction and sentence, asserting in four assignments of error that he was denied effective assistance of counsel, the verdicts were against the weight of the evidence or supported by insufficient evidence, and the trial court erroneously refused to suppress evidence found in a search of appellant's former apartment.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte, transfer this matter to our accelerated docket and, hereby, render our decision.
 I. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id.
Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott
(1990), 51 Ohio St.3d 160, for Ohio's adoption of the Strickland
test.
Appellant argues that his trial counsel was ineffective for failing to object to the out of court statements of an eighty-one year old rape victim and by failing to insist that she appear in person rather than by a video tape trial deposition.
As the state points out, appellant never contested that a series of sexual attacks occurred. His position was that someone else was responsible. Trial counsel may well have concluded that the statements offered by this elderly woman may have been less harmful to appellant than the negative feelings engendered had he insisted she appear and be subject to in court cross-examination.[1] Indeed, this strategy may have been effective because the woman testified that her home was twice burglarized by the same man. Still, the jury acquitted appellant of the first break-in. It convicted him only on the charges related to the second incident — charges that were supported by independent forensic evidence of appellant's presence at the crime scene.
Consequently, it appears that trial counsel's failure to object to the elderly woman's out of court statements was the result of a strategic decision which had some success. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his third and fourth assignments of error, appellant challenges the sufficiency of the evidence in the context of a Crim.R. 29 motion made at the conclusion of the state's case and the sufficiency and weight of the evidence over the whole trial.
A grant of a motion for acquittal, pursuant to Civ.R. 29(A), is inappropriate if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
We have carefully reviewed the record of the proceedings in this matter and conclude that the state satisfied its burden to establish a prima facie case. Accordingly, appellant's third assignment of error is not well-taken.
In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or if there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169;State v. Barns (1986), 25 Ohio St.3d 203.
Again, we have carefully reviewed the proceedings in this matter and conclude that neither was there an insufficiency of evidence presented, nor was the jury's verdict against the manifest weight of the evidence. Accordingly, appellant's fourth assignment of error is not well-taken.
 III.
Appellant, in his remaining assignment of error, asserts that the trial court erred in refusing to suppress a pair of size eleven and one-half shoes which were found concealed in the attic space of his former apartment. The shoes were forensically matched with a footprint found near the point of entry at the rape victim's home. Police searched the apartment with the consent of its owner and the tenants to whom it was leased, but who had not yet moved in.
Appellant insists that, since he had not yet returned the key to the apartment, he was legally in possession of it and, therefore, police had to obtain a warrant or gain his consent to conduct the search.
Police do not need a search warrant when an individual properly consents to a search. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219; Davis v. United States (1946), 328 U.S. 582,593-594. Moreover, police may rely on a person's "apparent authority" to consent to a search so long as such reliance is in good faith. Illinois v. Rodriguez (1990), 497 U.S. 177, 181.
In the present matter, the evidence presented at the suppression hearing was that appellant had been given notice to vacate the premises more than a month earlier, had removed all but what nearly everyone described as "trash," and had disconnected his electric service. On these facts, the court concluded that appellant abandoned residency at the apartment prior to the search. Consequently, the owner of the building and/or the new tenants had the authority to grant consent to search the apartment. Given these facts, we concur with the trial court's conclusion that appellant abandoned the residency. Accordingly, appellant's remaining assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
James R. Sherck, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.
[1] In any event, the trial deposition would likely have come in under Evid.R. 804(B)(1).